UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------
JURAJ IVIC,

                            Plaintiff,

      -against-

ADVANCE STORES COMPANY, INCORPORATED d/b/a
ADVANCE AUTO PARTS, NORTH SUNRISE CORP. and ABC
CORP., a fictitious name intending to be that of an unknown
contractor,

                            Defendants.
--------------------------------------------

CASE NO. 18-cv-4824

**COMPLAINT AND
JURY DEMAND**

      Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his

Complaint, respectfully alleges, upon information and belief:


## I. NATURE OF THE CASE

      1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a

result of the negligence of defendants on January 15, 2018, in the County of Nassau, State of

New York.


## II. JURISDICTION AND VENUE

      2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

      3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

      4. Venue lies in the Eastern District of New York in that the events giving rise to this

action occurred within the Eastern District of New York.

### III. THE PARTIES

5. At all times herein mentioned, plaintiff JURAJ IVIC was and still is a citizen and resident of Slovak Republic.

6. The defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Virginia, licensed to do business in New York, with its principal place of business situated in the City of Roanoke and the State of Virginia.

7. The defendant NORTH SUNRISE CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Nassau and the State of New York.

8. The defendant ABC CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of an unknown state, licensed to do business in New York, with its principal place of business situated in an unknown County and an unknown State.

### IV. FACTUAL ALLEGATIONS

9. On January 15, 2018, plaintiff JURAJ IVIC was performing certain construction work at the premises located at 209 Sunrise Highway, Merrick, New York, [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

10. On January 15, 2018, plaintiff JURAJ IVIC was employed by Euro Contracting Group Inc.

11. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS.

12. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant NORTH SUNRISE CORP.

13. At all times mentioned, the subject premises was operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

14. That at some point prior to January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS, entered into an agreement with defendant ABC CORP., wherein and whereby it was agreed, among other things, that defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

15. That on January 15, 2018, defendant ABC CORP. was the general contractor working at the subject premises for defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS.

16. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

17. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

18. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

19. That at some point prior to January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS, entered into an agreement with Euro Contracting Group Inc., wherein and whereby it was agreed, among other things, that Euro Contracting Group Inc. would perform construction work and provide labor services at the subject premises.

20. That on January 15, 2018, Euro Contracting Group Inc. was the contractor working at the subject premises for defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS.

21. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

22. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

23. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

24. That at some point prior to January 15, 2018, defendant NORTH SUNRISE CORP., entered into an agreement with defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS, wherein and whereby it was agreed, among other things, that defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS would perform construction work and provide labor services at the subject premises.

25. That on January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS was the general contractor working at the subject premises for defendant NORTH SUNRISE CORP.

26. That on January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS was the contractor working at the subject premises for defendant NORTH SUNRISE CORP.

27. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

28. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

29. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

30. That at some point prior to January 15, 2018, defendant NORTH SUNRISE CORP., entered into an agreement with defendant ABC CORP., wherein and whereby it was agreed, among other things, that defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

31. That on January 15, 2018, defendant ABC CORP. was the general contractor working at the subject premises for defendant NORTH SUNRISE CORP.

32. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

33. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

34. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

35. That at some point prior to January 15, 2018, defendant NORTH SUNRISE CORP., entered into an agreement with Euro Contracting Group Inc., wherein and whereby it was agreed, among other things, that Euro Contracting Group Inc. would perform construction work and provide labor services at the subject premises.

36. That on January 15, 2018, Euro Contracting Group Inc. was the contractor working at the subject premises for defendant NORTH SUNRISE CORP.

37. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

38. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

39. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

40. That at some point prior to January 15, 2018, defendant ABC CORP., entered into an agreement with Euro Contracting Group Inc., wherein and whereby it was agreed, among other things, that Euro Contracting Group Inc. would perform construction work and provide labor services at the subject premises.

41. That on January 15, 2018, Euro Contracting Group Inc. was the subcontractor working at the subject premises for defendant ABC CORP.

42. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

43. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

44. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

45. That thereafter, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant NORTH SUNRISE CORP.

46. That thereafter, and on or about January 15, 2018, defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant NORTH SUNRISE CORP.

47. That thereafter, and on or about January 15, 2018, Euro Contracting Group Inc. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant NORTH SUNRISE CORP.

48. That thereafter, and on or about January 15, 2018, defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS.

49. That thereafter, and on or about January 15, 2018, Euro Contracting Group Inc. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by

defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS.

50. That thereafter, and on or about January 15, 2018, Euro Contracting Group Inc. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

51. That at all times herein mentioned, and or about January 15, 2018, plaintiff JURAJ IVIC was actually engaged in the course of his employment as a construction laborer by Euro Contracting Group Inc., which said contractor was engaged by defendant NORTH SUNRISE CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant NORTH SUNRISE CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

52. That at all times herein mentioned, and or about January 15, 2018, plaintiff JURAJ IVIC was actually engaged in the course of his employment as a construction laborer by Euro Contracting Group Inc., which said contractor was engaged by defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

53. That at all times herein mentioned, and or about January 15, 2018, plaintiff JURAJ IVIC was actually engaged in the course of his employment as a construction laborer by Euro

Contracting Group Inc., which said contractor was engaged by defendant ABC CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

54. That on or about January 15, 2018, and while plaintiff JURAJ IVIC was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Euro Contracting Group Inc., he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

55. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Euro Contracting Group Inc., plaintiff's employer.

56. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Euro Contracting Group Inc., plaintiff's employer.

57. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Euro Contracting Group Inc., plaintiff's employer.

58. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Euro Contracting Group Inc., plaintiff's employer.

59. That at all times herein mentioned, and on or about January 15, 2018, defendant ABC CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Euro Contracting Group Inc., plaintiff's employer.

60. That at all times herein mentioned, and on or about January 15, 2018, defendant ABC CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Euro Contracting Group Inc., plaintiff's employer.

61. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff JURAJ IVIC, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

62. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and

adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

63. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

64. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

65. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

66. That at all times herein mentioned, and on or about January 15, 2018, defendant NORTH SUNRISE CORP. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

67. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff JURAJ IVIC, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

68. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

69. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

70. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

71. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

72. That at all times herein mentioned, and on or about January 15, 2018, defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS owed

plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

73. That at all times herein mentioned, and on or about January 15, 2018, defendant ABC CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

74. That at all times herein mentioned, and on or about January 15, 2018, defendant ABC CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

75. That at all times herein mentioned, and on or about January 15, 2018, defendant ABC CORP. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

76. That at all times herein mentioned, and on or about January 15, 2018, defendant ABC CORP. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

77. That on or about January 15, 2018, while working at the subject premises, plaintiff JURAJ IVIC was caused to fall from an elevated height.

78. By reason of the foregoing, plaintiff JURAJ IVIC was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred

and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff JURAJ IVIC will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. <u>FIRST CAUSE OF ACTION</u>

79. The allegations of the preceding paragraphs are repeated here as if fully stated.

80. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

81. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VI. <u>SECOND CAUSE OF ACTION</u>

82. The allegations of the preceding paragraphs are repeated here as if fully stated.

83. On January 15, 2018, plaintiff JURAJ IVIC was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

84. The work contracted for by the defendant NORTH SUNRISE CORP. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

85. The work contracted for by the defendant ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

86. The work contracted for by the defendant ABC CORP. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

87. Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

88. Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

89. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VII. **DEMAND FOR TRIAL**

90. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
      January 25, 2019

By: Holly Ostrov Ronai (HO-3923)
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JURAJ IVIC,

                      Plaintiff,


      -against-

ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS,
NORTH SUNRISE CORP. and ABC CORP., a fictitious name intending to be that of an
unknown contractor,
                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## COMPLAINT AND JURY DEMAND


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777