UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JURAJ IVIC,

                        Plaintiff,

      -against-

ADVANCE STORES COMPANY, INCORPORATED
d/b/a ADVANCE AUTO PARTS, NORTH SUNRISE
CORP., LANE-VALENTE INDUSTRIES, INC., SMS
ASSIST, L.L.C., and ABC CORP. a fictitious name
Intending to be that of an unknown contractor,

                        Defendants.
---------------------------------------------------------------------X
SMS ASSIST, L.L.C.,

                        Third-Party Plaintiff,

      -against-

EURO CONTRACTING GROUP, INC.,

                        Third-Party Defendant.
---------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-00509 (DG) (JMW)

**A P P E A R A N C E S:**

Lindsay Jill Kalick, Esq.
**Wilson, Elser, Moskowitz,
Edelman & Dicker LLP**
1133 Westchester Avenue
West Harrison, NY 10604
*Attorney for Cross Claimants*
*Advance StoresCompany Incorporated*
*d/b/a Advance Auto Parts and*
*Third-Party Plaintiff SMS Assist, L.L.C.*

*No Appearance by Third-Party Defendant.*

**WICKS, Magistrate Judge:**

      Before the Court is the limited issue of the amount of attorneys' fees to be awarded to

Plaintiff in the context of a judgment entered by default. Familiarity with the procedural and

1

factual background of this case is assumed (*see* ECF Nos. 147, 158.)  Advance Stores Company, Incorporated d/b/a Advance Auto Parts ("Advance"), SMS Assist, L.L.C. ("SMS") (collectively, "Moving Defendants") moved for default judgment against Euro Contracting Group Inc. ("Euro").  (ECF No. 157.)  The undersigned issued a Report and Recommendation ("R&R") recommending, *inter alia*, that default judgment be granted as to liability.  (ECF No. 158 at 14–15.)  Although the undersigned found that Moving Defendants were entitled to legal fees and costs, the undersigned recommended that their request for $210,148.52 for legal fees and costs be denied without prejudice to renewal with the appropriate supporting documentation.  (*Id*.)  The Hon. Diane Gujarati adopted the R&R in its entirety.  (Electronic Order dated February 22, 2023.)

      Before the Court now is Moving Defendants renewed application for legal fees and costs.  (ECF No. 162.)  That application was referred to the undersigned for decision on March 14, 2023.  (Electronic Order dated March 14, 2023.)  Moving Defendants supplemented the application on August 30, 2023 (ECF No. 164) after the Court directed the Moving Defendants to do so.  (Electronic Order dated August 23, 2023.)

      For the following reasons, the Moving Defendants' request for $210,148.52 fees and costs is granted in part and denied in part as follows.

## I. DISCUSSION

      Originally, Moving Defendants supported their requests for attorneys' fees and costs with only the Lake Affidavit.  (ECF No. 157-17.)  The Lake Affidavit is the affidavit of Cheryl B. Lake of Twin City Fire Insurance Company ("Twin City") who affirms that Twin City paid $210,148.52 in fees and costs on behalf of its insureds, the Moving Defendants, with respect to their defense of the instant action.  Attached to the Lake Affidavit is a "report, generated by

2

[Lake] from Twin City's computer records, documenting $210,148.52 in legal fees and expenses paid" by the insurer for SMS and Advance's defense of this action. (*Id*. at 3.) The report shows the amount and date of each payment but otherwise is devoid of any indication of the billing attorney, the background or experience of attorneys, description of work done, and so forth. (*See id*. at 7-11.) This alone was insufficient to support the fees requested. *See Westchester Fire Ins. Co. v. Annex Gen. Contracting, Inc.*, No. 14-CV-5747 (JS) (AKT), 2016 WL 11481197, at *20 (E.D.N.Y. July 15, 2016), *report and recommendation adopted,* 2016 WL 4367957 (E.D.N.Y. Aug. 15, 2016) (declining to award fees sought pursuant to an indemnity provision where the party had not "submitted contemporaneous billing records identifying the legal and non-legal personnel at the [] firm who rendered legal services, or an affirmation from an attorney regarding the services rendered, his or her background and experience, and the customary fees and/or hourly rate charged for similar legal services.").

Moving Defendants have renewed their request with and provided further information in support of their request for fees and costs in the grand total of $210,148.52 that were paid by Twin City. (ECF No. 162-10 at 4.) Moving Defendants' request is based on the fees and costs billed by their current counsel Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser"), and Advance's former counsel Gruvman Giordano & Glaws LLP ("Gruvman"). First, Moving Defendants seek $138,850.91 in fees and expenses billed by Wilson Elser. (ECF No. 162-1 at ¶ 25.) Second, Moving Defendants seek $71,297.61 in fees and expenses billed by Gruvman. (*Id*.)

The requested fees and costs are each addressed in turn below.

## A. Attorneys' Fees

This Court "enjoys broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011).  The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a 'presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011).  "[A] party moving for attorneys' fees must [also] provide the credentials law school matriculation, practice area, and years of experience in the relevant practice area to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018).

### i. *Hourly Rates*

Courts in this district routinely approve fees for the amounts sought here even in cases involving straightforward default motions for breach of contract.  *See e.g.*, *Nat'l Env't Safety Co., Inc. v. Katz*, No. 18-cv-02161 (JMA) (GRB), 2019 WL 1994049, at *2 (E.D.N.Y. May 6, 2019) (awarding hourly rates from $500-600 per hour for partners, $300 per hour for associates, and $100 per hour for paralegals related to a motion for default judgment in a breach of contract

4

matter); *Reiter v. Maxi-Aids, Inc.,* No. 14-cv-3712 (SJF) (GRB), 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019) (finding $100 per hour for paralegals to be reasonable).

Fees sought for work performed by Wilson Elser consists of 633.9 hours billed by its Attorneys at a blended rate of $200 per hour and 44.5 hours billed by its paralegals at a blended rate of $82. (ECF No. 162-1 at ¶ 16.) The highest hourly rate charged by the attorneys was for a partner at $225 per hour. (*See, e.g., id*. at 231.) Fees sought for work performed by Gruvman consist of 419 hours billed by attorneys billing at a rate of $165 per hour. (ECF No. 164 at ¶ 7.) Wilson Elser and Gruvman also submitted declarations attesting to the relevant experience, and credentials for each attorney. (*See* ECF Nos. 162-1, 164.) The hourly rates charged by Wilson Elser and Gruvman are reasonable.

ii. ***Billing Records***

In support of their request for attorneys' fees, Wilson Elser and Gruvman have provided billing records with an itemized breakdown of hours and descriptions of each task conducted. *See New York Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (noting that fee applications should include "contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of the work done."). These records are authenticated by the supporting declarations. (ECF Nos. 162-7, 162-8, 164.)

The records submitted reflect as follows.

### WILSON ELSER ATTORNEY TIME

| Attorneys' Hours Per Invoice | Total Legal Fees (varying rates) | Invoices |
|---|---|---|
| 53.90 | $10,001.50 | ECF No. 162-7 at 2 |
| 42.90 | $7,996.60 | ECF No. 162-7 at 29 |

| | | |
|---|---|---|
| 37.10 | $7,174.00 | ECF No. 162-7 at 50 |
| 25.60 | $4,995.00 | ECF No. 162-7 at 69 |
| 39.30 | $7,710.50 | ECF No. 162-7 at 86 |
| 132 | $25,981.00 | ECF No. 162-7 at 114 |
| 46.2 | $9,099.00 | ECF No. 162-7 at 152 |
| 104.3 | $21,443.50 | ECF No. 162-7 at 180 |
| 124.3 | $26,101.50 | ECF No. 162-7 at 205 |
| 29.30 | $6,574.50 | ECF No. 162-7 at 231 |

**TOTAL ATTY HRS: 634.9**[1]     **TOTAL ATTY FEES:   $127,077.10**

### WILSON ELSER PARALEGAL TIME

| Hours | Legal Fee (varying rates) | Location |
|---|---|---|
| 5.3 | $397.50 | ECF No. 162-7 at 2 |
| 6.80 | $510.00 | ECF No. 162-7 at 29 |
| 0.70 | $52.50 | ECF No. 162-7 at 50 |
| 0.70 | $59.50 | ECF No. 162-7 at 69 |
| 18.20 | $1,547.00 | ECF No. 162-7 at 86 |
| 4.70 | $399.50 | ECF No. 162-7 at 114 |
| 5.80 | $493.00 | ECF No. 162-7 at 152 |
| 0.70 | $59.50 | ECF No. 162-7 at 180 |
| 0.50 | $42.50 | ECF No. 162-7 at 205 |

---

[1] Wilson Elser calculated 633.9 hours, however, according to the Court's calculations the billing records reflect 634.9 hours. In any event, Wilson Elser has only requested a total of $138,850.91 out of the $142,581.46 in legal fees and costs it billed, which is the amount paid by Twin City. Thus, whether or not the hours billed were 633.9 or 634.9, Wilson Elser has provided documentation to support the amount it requests.

| | | |
|---|---|---|
| 1.10 | $93.50 | ECF No. 162-7 at 231 |

**TOTAL Hours: 44.5**  **TOTAL FEES:  $3,654.50**

### GRUVMAN ATTORNEY TIME

| Attorneys' Hours Per Invoice | Total Legal Fees ($165/hr) | Invoices |
|---|---|---|
| 50.60 | $8,349.00 | ECF No. 162-8 at 2-15 |
| 18.90 | $3,118.50 | ECF No. 162-8 at 17-23 |
| 38.00 | $6,270.00 | ECF No. 162-8 at 26-42 |
| 86.00 | $14,190.00 | ECF No. 162-8 at 43-78 |
| 67.40 | $11,121.00 | ECF No. 162-8 at 81-96 |
| 156.70 | $25,855.50 | ECF No. 162-8 at 99-126 |
| 1.40 | $231.00 | ECF No. 162-8 at 128-130 |

**TOTAL ATTY HRS: 419.00**  **TOTAL ATTY FEES:  $69,135.00**

Having reviewed the documentation submitted, the Court finds that it reflects that, at minimum, Wilson Elser billed $130,731.60 in fees and Gruvman billed $69,135 in fees. Moreover, the Court finds the number of hours expended to be reasonable and directly related to enforcement of Moving Defendants' rights in this litigation. *See Sagax Dev. Corp. v. ITrust S.A.*, No. 1:19-CV-3386 (RA) (JW), 2022 WL 2663488, at *1 (S.D.N.Y. July 11, 2022) ("A court-awarded attorneys' fee must compensate only for 'hours reasonably expended on the litigation,' not for 'hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

The Affiliate Master Services Agreement with Euro provides for any fees and costs incurred by Advance and SMS stemming from Euro's failure to promptly and diligently defend them in this action. (*See* ECF No. 158 at 12–13.) The instant action involved a substantial amount of litigation which has yielded a docket with over one hundred and sixty-five entries dating back to January 25, 2019. (ECF Nos. 1, 165.) This protracted litigation included, *inter alia*, a full cycle of discovery that closed on June 24, 2023 nearly two and half years after the case was initiated (ECF No. 93), summary judgment motion practice (ECF Nos. 115–137), private mediation (ECF No. 138), and the instant default judgment motion practice.

However, the Court finds that a slight reduction of requested fees is appropriate for reasons that follow. The Court reviewed the hours billed for duplicate billing, unreasonable hours, administrative tasks being inappropriately delegated, and other common issues, and found none. However, the billing records do reflect many instances of so-called "block billing"[2] by Joana Garelick Goldstein. "Block billing" refers to the practice of lumping all time spent on a matter on a given day into one time entry without identifying the particular time spent for each task (*see, e.g.*, ECF No. 162-7 at 190–199, 206–213). These are examples, rather than an exhaustive list. Such a practice is frowned upon, since it without separating the time for the discrete tasks, it "makes it difficult for the court to allocate time to individual activities in order to gauge the reasonableness of time expended on each activity." *Douvon v. New York Medical Health Care, P.C.*, 49 F. Supp.3d 328, 350 (E.D.N.Y. 2014). Where the records submitted in support of a fee application are vague, duplicative, contain block-billing or other deficiencies, it is well within the Court's discretion to consider an "across the board" percentage reduction. And that's because "[h]ours

---

[2] "Block billing" refers to the practice of lumping all time spent on a matter on a given day into one time entry without identifying the particular time spent for each task

that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Goldstein, who is of counsel to Wilson Elser and billed a total of 145.9 hours at a rate of $205 per hour. (ECF No. 162-1 at ¶ 22.) This equates to $29,909.50 in fees. Given the persistent block billing reflected in Goldstein's bills, the Court in its discretion applies a 10% reduction in these fees to account for the block billing deficiencies noted, which cuts $2,990.95 off the total $138,850.91 in fees and costs (*see infra* I.A.iii) requested by Wilson Elser, leaving $135,859.96. *See Bozdogan v. 23 Ludlam Fuel, Inc.*, 16-CV-1052 (JMW), 2022 U.S. Dist. LEXIS 233168, at *11-12 (E.D.N.Y. Dec. 29, 2022) (applying an across-the board reduction of 15% where counsel performed administrative or paralegal tasks or block-billed for a number of tasks). This cut is done solely as a result of block billing and should not in any way be construed as a finding of overbilling or padding.

### iii.    Legal Costs and disbursements

A party can typically recover "[c]osts relating to filing fees, process servers, postage, and photocopying[.]" *Feltzin v. Union Mall LLC*, 393 F.Supp.3d 204, 219-20 (E.D.N.Y. 2019) (internal quotation marks omitted). A request for costs must be supported by adequate documentation. *Id.* (collecting cases requiring appropriate documentation or receipts for costs). "[T]he party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *Id*. (internal quotation marks omitted). However, certain costs, such as filings fees, "are recoverable without supporting documentation if verified by the docket." *Id*.

"[T]he decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" *Swiatkowski v. Citibank as Citigroup*, 745 F. Supp. 2d 150, 174 (E.D.N.Y. 2010) (quoting *Cosgrove v. Sears, Roebuck, Co.*, 191 F.3d 98, 102 (2d Cir. 1999). The Court has reviewed the documentation submitted by Wilson Elser and Gruvman with respect to costs sought. Wilson Elser seeks fees for, *inter alia*, "expenditures for . . court fees, transcripts, messenger services, process servers[,] outside vendor services . . .[and] expenses relating to travel[.]" *See Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 285-86 (E.D.N.Y. 2008). These records reflect a total of $11,849.86 in costs incurred by Wilson Elser, all of which are ordinarily recoverable, (*see* ECF No. 162-7 at 21, 42, 81, 109, 144, 170, 199, 226). *See id*.

Gruvman seeks recovery of costs for a variety of items but as relevant here, primarily for medical records, which are recoverable. Gruvman notes in its supporting declaration that the total costs incurred were $3,108.89. (ECF No. 164 at 4.) However, Gruvman also notes that it was only able to locate back up documentation for $1,629.42 worth of expenses. (*Id*.; *see* ECF No. 164 at 146–140.) "In the absence of invoices, receipts or other documentary proof of the costs sought, however, courts decline to award costs." *Vidyashev v. Visual ID Source, Inc.*, No. 18-CV-3117 (JS)(SIL), 2021 WL 4925733, at *5 (E.D.N.Y. Sept. 28, 2021), *report and recommendation adopted*, No. 18-CV-3117(JS)(SIL), 2021 WL 4902528 (E.D.N.Y. Oct. 21, 2021). Thus, the Court declines to award costs for which no receipts or invoices have been provided. *Id*. ("A party is not entitled to recover costs for which it provides inadequate substantiation.").

Accordingly, coupled with the $69,135.00 Gruvman seeks in fees, Gruvman has only provided documentation to support an award of $70,764.42 out of the $71,297.61 that it seeks.

## **CONCLUSION**

Accordingly, the Moving Defendants' motion for attorneys' fees and costs is granted in part and denied in part as follows: Moving Defendants are awarded $206,624.38 for legal fees and costs consisting of $135,859.96 billed by Wilson Elser, and $70,764.42 billed by Gruvman.

Dated: Central Islip, New York
       September 29, 2023

                                    S O   O R D E R E D:

                                /S/ *James M. Wicks*
                                   JAMES M. WICKS
                              United States Magistrate Judge